**\*E-Filed 2/17/12\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IRENE FLORES, | No. C 12-00756 RS |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND SETTING SCHEDULE FOR BRIEFING ON MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| AURORA LOAN SERVICES, LLC, et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Irene Flores seeks a temporary restraining order (TRO) and preliminary injunction cancelling a non-judicial foreclosure sale on 203 Bay Ridge Drive, Daly City, California, and prohibiting defendants from taking possession of, assigning, or otherwise encumbering the property during the pendency of the above-captioned lawsuit. Flores principally claims that defendants lacked proper legal standing to foreclose. Defendants, of course, have not yet had an opportunity to respond. For the reasons stated below, Flores' TRO application will be denied. The matter will be set for a hearing on a preliminary injunction.

## II. FACTS

Although plaintiff's brief is not entirely clear, the relevant facts appear to be as follows: Flores obtained a loan on the property from Olympia Funding, Inc., in June of 2007. At the time of origination, Olympia appointed defendant Mortgage Electronic Registration Systems (MERS) as its nominee. Olympia also transferred servicing rights to National City Mortgage. Subsequently, Aurora Bank, FSB was assigned to service the loan. Olympia, the originator, later sold the mortgage to Residential Funding Company, LLC, without recording the transaction. Residential Funding Company then sold its interest to Residential Accredit Loans, Inc (RALI). RALI placed the loan, along with other mortgages, into a mortgage-backed securities trust, sometime on or before October 9, 2007.

On November 17, 2010, MERS assigned the Deed of Trust to Aurora Loan Services, LLC (ALS), and recorded the same with the San Mateo County Recorder's Office. Flores notes the county recorder does not possess records reflecting any assignment from Olympia, and insists that it remains the beneficiary under the loan and the only party capable of foreclosing on the property. Nonetheless, on February 15, 2011, ALS assigned and substituted defendant Quality Loan Services as the trustee under the deed. Defendants – it remains unclear which ones – apparently conducted a nonjudicial foreclosure sale on the property on December 16, 2011, and initiated an unlawful detainer action against plaintiff in state court. This suit followed.

## III. LEGAL STANDARD

A TRO may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction, *see Stuhlbarg Int'l. Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001), and as a form of preliminary injunctive relief, a TRO is an "extraordinary remedy" that is

2

"never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Rather, the moving party bears the burden of demonstrating that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## IV. DISCUSSION

Under the applicable authorities, to prevail, Flores must demonstrate likely success on the merits, *Winter*, 555 U.S. at 20, or at least serious questions going to the merits. *Wild Rockies*, 632 F.3d at 1131. This she has not done. As noted, the chronology of events is difficult to discern from the face of Flores' *ex parte* application. That said, her primary contention appears to be that Olympia, as the originator, never recorded a valid assignment of the mortgage, and as a result, MERS could not have properly transferred the deed to ALS. This argument ignores the unique role of MERS in the mortgage industry, and instead recites arguments now routinely rejected by the courts in litigation arising from foreclosures. As the Ninth Circuit has recently explained, MERS is a private corporation that tracks the transfers of beneficial interests in home loans and the assignment of loan servicing rights. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038 (9th Cir. 2011). Because recordation of frequently traded and sold loans is cumbersome, MERS typically serves as the nominal record holder on the deed on behalf of the original and subsequent lenders. *Id.* at 1039. Thus, when a beneficial interest is sold or assigned among MERS members, MERS remains the deed holder, and the transfer is recorded only in the MERS database and not with the county recorder. *Id.* Although these practices are relatively routine, not improper, and entirely consistent with the alleged facts of this case, significantly, Flores acknowledges none of this.

Instead, she invokes a few outlier cases for the proposition that MERS is not a proper beneficiary and therefore could not have conveyed a valid interest to ALS. Her authorities are also factually distinguishable. In *In re Salazar*, 448 B.R. 814 (S.D. Cal. 2011), for example, the court held that U.S. Bank, which was assigned the deed by MERS, lacked authority to foreclose because it failed to record the assignment prior to foreclosure. *Id.* at 820. Here, by contrast, ALS received MERS' beneficial interest in the loan, and recorded it in the public record. It thereby appears that defendants likely satisfied the requirements set forth in California Civil Code § 2924. The notion that MERS could not, by virtue of its status as beneficiary of record, validly assign the instrument to ALS simply does not comport with well-established case law in California. *See, e.g., Cervantes,* 656 F.3d at 1044 (even assuming that "MERS is a sham beneficiary," plaintiffs' alleged conclusion that, "as a necessary consequence, no party has the power to foreclose" does not hold); *Wallace v. MERS*, No. 11-8039, 2012 WL 94485, at *2-3 (C.D. Cal. Jan. 11, 2012). Therefore, whatever the ultimate merits of Flores' claims, on the strength of her current pleadings she simply has not demonstrated the requisite degree of potential success on the merits.

Furthermore, although Flores indicates that defendants filed an unlawful detainer action on January 13, 2012, she has not provided sufficient information to evaluate the immediacy of any potential irreparable harm or to conclude that setting a hearing for preliminary injunction will not provide sufficient relief. Additionally, Flores has not described the efforts she made, if any, to give defendants notice of her application, or shown why it would be appropriate to proceed on an *ex parte* basis, without giving defendants notice and an opportunity to respond. Accordingly, the application for a TRO is denied.

Sufficient cause appears, however, to set a briefing schedule to consider Flores' request for a preliminary injunction. Accordingly, defendants shall appear and show cause why they should not be preliminarily enjoined during the pendency of this action from further encumbering or attempting to transfer the real property that is the subject of this complaint, or from taking any action to obtain

possession of the premises or to interfere with plaintiff's enjoyment thereof.[1]  Defendants shall file any opposition they may have to such a preliminary injunction no later than February 28, 2012, at noon.  Plaintiff may file any reply no later than March 5, 2012 at noon.  A hearing on the preliminary injunction will be calendared on March 8, 2012 at 1:30 p.m. in Courtroom 3.   The Court reserves the right to take the matter under submission without oral argument, and will advise the parties if it elects to do so. Plaintiff shall serve a copy of this order and all the papers she has filed in this action on defendants forthwith, and shall make every effort to ensure that they receive notice of this order by the close of business on February 17, 2012.  Plaintiff shall thereafter promptly file a declaration setting out how and when defendants were given notice of this order and served with it and the other filings.

IT IS SO ORDERED.

Dated: 2/17/2012

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's further request for preliminary relief cancelling or invalidating the foreclosure sale is denied, as such relief would be appropriate and necessary only in the event she prevails on the merits.