*E-Filed 3/26/12*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IRENE FLORES, <br><br> Plaintiff, <br><br> v. <br><br> AURORA LOAN SERVICES, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., QUALITY LOAN SERVICE CORPORATION, and DOES 1-100, inclusive, <br><br> Defendants. | No. C 12-00756 RS <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

## I. INTRODUCTION

Plaintiff Irene Flores moves for preliminary injunctive relief cancelling a non-judicial foreclosure sale on 203 Bay Ridge Drive, Daly City, California, and prohibiting defendants from taking possession of, assigning, or otherwise encumbering the property during the pendency of the above-captioned lawsuit. Flores' *ex parte* application for a temporary restraining order (TRO) was denied. Defendants raise a host of objections in opposition to the motion, and Flores has not replied. Pursuant to Civil Local Rule 7-1(b), Flores' motion is suitable for disposition without oral argument, and for the reasons explained below, the motion must be denied.

## II. FACTUAL & PROCEDURAL BACKGROUND

United States District Court
For the Northern District of California

1  Flores obtained a loan on the property from Olympia Funding, Inc., for $862,500 in June of
2  2007.  In exchange for the loan, she executed a deed of trust against the property which was
3  recorded with San Mateo County.[1]  That deed identifies defendant Mortgage Electronic Registration
4  Systems (MERS) as beneficiary and "nominee for Lender and Lender's successors and assigns,"
5  North American Title Company as trustee, and Olympia as the lender.  (Ex. 6 to Mot. for Jud. Not,
6  at 1).  National City Mortgage, and later Aurora Bank, FSB, were assigned to service the loan.
7  According to Flores, Olympia later sold its interest in the mortgage to Residential Funding
8  Company, LLC (RFC), without recording the transaction.  RFC, in turn, sold its interest to
9  Residential Accredit Loans, Inc (RALI), which placed the loan, along with other mortgages, into a
10 mortgage-backed securities trust, sometime on or before October 9, 2007.  Flores defaulted on the
11 loan thereafter.

12 On November 17, 2010, MERS, acting as nominee under the recorded deed, assigned its
13 beneficial interest in the deed to Aurora Loan Services, LLC (ALS).  The assignment was recorded
14 on November 30, 2010.  Flores notes the county recorder does not possess records reflecting any
15 assignment from Olympia, as the original lender, and insists that Olympia remains the beneficiary
16 under the loan and the only party capable of foreclosing on the property.  Nonetheless, on February
17 15, 2011, ALS assigned and substituted defendant Quality Loan Services as the trustee under the
18 deed.  The substitution was recorded on February 23.  Shortly thereafter, Quality executed a notice
19 of default and election to sell.  On December 20, 2011, the property was sold at a trustee's sale.
20 This suit followed.  The complaint asserts seven claims for relief: (1) declaratory relief, (2)
21 injunctive relief, (3) cancellation of the deed of trust and note, (4) deceit, (5) violation of California
22 Civil Code § 2934, (6) fraud, and (7) unjust enrichment.

23                                    III. LEGAL STANDARD

---

[1] Defendants move, unopposed, for judicial notice of: (1) the deed of trust, recorded on June 25, 2007 (Ex. 6), (2) an assignment of the deed, recorded on November 30, 2010 (Ex. 7), (3) a notice of substitution of trustee, recorded on February 23, 2011 (Ex. 8), (4) a notice of default and election to sell, recorded on February 25, 2011 (Ex. 9), (5) a notice of trustee's sale, recorded on May 31, 2011 (Ex. 10), and (6) the trustee deed upon sale, recorded December 22, 2011 (Ex. 13), among other documents.  Matters of public record, including publicly recorded documents, are appropriate for judicial notice pursuant to Federal Rule of Evidence 201.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  The motion is therefore granted as to these records.

A preliminary injunction order is an "extraordinary remedy" that is "never granted as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To win a preliminary injunction, a plaintiff must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, if the moving party can demonstrate the requisite likelihood of irreparable harm, and show that an injunction is in the public interest, a preliminary injunction may issue so long as there are serious questions going to the merits and the balance of hardships tips sharply in the moving party's favor. *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In any case, a court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987). Courts are "not mechanically obligated to grant an injunction for every violation of law," *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-13 (1982), and "should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24 (citing *Weinberger*, 456 U.S. at 313).

## IV. DISCUSSION

To prevail, Flores must first demonstrate likely success on the merits, *Winter*, 555 U.S. at 20, or at least serious questions going to the merits of her claims. *Wild Rockies*, 632 F.3d at 1131. Since her application for a TRO was denied, however, defendants have raised a number of additional objections in opposition to her motion, and Flores has failed to reply to these arguments. It follows that she has not carried her burden and is not entitled to preliminary relief.

Flores' primary contentions remain: (1) that Olympia, as the originator, never recorded a valid assignment of the mortgage, and therefore remains the sole party with the authority to foreclose, and (2) due to the securitization of Flores' loan, MERS was no longer nominee, and therefore could not have properly transferred the deed to ALS. As the prior Order explained, however, Flores' position is manifestly inconsistent with the weight of authority, which has consistently approved of MERS and the unique role it plays in facilitating transactions such as those challenged here. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039-1044 (9th Cir.

3

2011) (when a beneficial interest is sold or assigned among MERS members, MERS remains the deed holder, and the transfer is recorded only in the MERS database and not with the county recorder). Absent some explanation from Flores, there is no reason to displace the prior, tentative finding that ALS received a valid assignment from MERS' of its beneficial interest in the loan, and publicly recorded it, thereby likely satisfying the requirements set forth in California Civil Code § 2924. *Cervantes,* 656 F.3d at 1044 (even assuming that "MERS is a sham beneficiary," plaintiffs' alleged conclusion that, "as a necessary consequence, no party has the power to foreclose" does not hold).

Defendants have identified a number of additional, potential defects with Flores' claims, such as her apparent inability to allege tender. *Karlsen v. Am. Savings and Loan Ass'n.*, 15 Cal. App. 3d 112, 117 (1971) ("valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust"). While these issues are not necessarily insurmountable, absent a showing by Flores of some likelihood of success on the merits, she is not entitled to preliminary relief at this time. Additionally, since Flores's initial showing was deemed inadequate to merit entry of a TRO in her favor, she has made no further effort to show that her case satisfies *Winter*'s final three prerequisites. 555 U.S. at 20 (requiring a likelihood of irreparable harm, a favorable balance of the equities, and that relief serves the public interest). Accordingly, her motion for preliminary injunctive relief must be denied.

## V. CONCLUSION

For the reasons stated, plaintiff's motion for a preliminary injunction order is denied.

IT IS SO ORDERED.

Dated: 3/26/12

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE