**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IRENE FLORES,

        Plaintiff,

    v.

AURORA LOAN SERVICES, LLC,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
QUALITY LOAN SERVICE
CORPORATION, and DOES 1-100,
inclusive,

        Defendants.

_____/

No. C 12-00756 RS

**ORDER GRANTING MOTION TO
DISMISS AND DENYING MOTION
TO STRIKE**

## I. INTRODUCTION

Defendants in this mortgage foreclosure case move to dismiss plaintiff's original complaint and strike plaintiff's first amended complaint (FAC). Plaintiff Irene Flores failed to file a response to the motion to dismiss, and instead filed the FAC. The motion is appropriate for disposition without argument per Civil Local Rule 7-1(b), and for the reasons set forth below, the motion to dismiss is granted and the motion to strike is denied as moot.

## II. BACKGROUND

Flores, a resident of California, obtained a loan on the property at issue from a non-party, Olympia Funding, Inc., for $862,500 in June of 2007. She subsequently defaulted and on February 23, 2011, defendant Quality Loan Services (QLS), purporting to be trustee under the deed, executed a notice of default and election to sell. The sale was noticed for June 20, 2011. On June 10, 2011,

1

United States District Court

For the Northern District of California

Flores filed for bankruptcy, postponing the sale.[1]  The property was eventually sold at a trustee's sale on December 20, 2011.  According to the complaint filed in this case, Flores filed suit in the San Mateo County Superior Court on December 29, 2011, asserting the same claims and against the same defendants advanced in this action against the same defendants in this matter.  She dismissed the state court action without prejudice on February 15, 2012, but also claims, inexplicably, "the action was removed to this Court based on Diversity of Jurisdiction and was filed on February 16, 2012."  In fact, the docket reflects that Flores filed rather than removed this action herself on that date.  The original complaint asserts seven claims for: (1) declaratory relief; (2) injunctive relief; (3) cancellation of the deed of trust and note; (4) deceit; (5) violation of California Civil Code § 2934; (6) fraud; and (7) unjust enrichment.  According to the complaint (as well as the FAC), defendant QLS has its main office in San Diego, California and conducts business within the state.

Defendants moved to dismiss the original complaint on March 26, 2012.  Three days before the opposition was due, plaintiff's counsel filed a "proposed order" requesting an extension to file a response.  The filing violated multiple Civil Local Rules, and was rejected by the Court.  Flores did not respond further to defendants' motion to dismiss.  Instead, she filed the FAC on May 5, 2012.  The FAC asserts claims for: (1) quiet title; (2) declaratory relief; (3) injunctive relief; (4) cancellation of instruments; (5) fraud; and (6) unjust enrichment.  Defendants moves to strike the FAC as procedurally deficient.  Flores opposes the motion, but concedes the amended pleading was not timely filed under Rule 15 of the Federal Rule of Civil Procedure, and was not filed with leave from the Court, as is required.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," including "a short and plain statement of the grounds for the court's

---

[1] Defendants request judicial notice of: (1) the bankruptcy petition filed before the United States Bankruptcy Court for the Northern District of California in *In re: Irene Biglete Flores*, No. 11-32220; and (2) the complaint filed in San Mateo County Superior Court in *Irene Flores v. Aurora Loan Services, LLC, et al.*, No. CIV510761.  (Exhs. 1, 11 to Defs.' Req. for Jud. Not.).  The request is granted, as the documents are appropriate for judicial notice as matters of public record.  Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Consideration of the other materials defendants submit is not necessary to resolve the instant motions, and the request is therefore denied as to them.

2

1  jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional

2  support." Fed. R. Civ. P. 8(a).  A motion to dismiss under Rule 12(b)(1) tests the Court's subject

3  matter jurisdiction over the case.  Fed. R. Civ. P. 12(b)(1).  "If the court determines at any time that

4  it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3);

5  *Wood v. City of San* Diego, 678 F.3d 1075, 1082 (9th Cir. 2012).  "Dismissals for lack of

6  jurisdiction 'should be ... without prejudice so that a plaintiff may reassert his claims in a competent

7  court.'"  *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (quoting *Frigard*

8  *v. United States,* 862 F.2d 201, 204 (9th Cir. 1988)).

9                                          IV. DISCUSSION

10         Defendants challenge the Court's subject matter jurisdiction over the case.  Neither the

11  original complaint nor the FAC contains any averments specifically directed to subject matter

12  jurisdiction, arguably in violation of Rule 8(a)(1).  That said, Flores must intend to invoke diversity

13  jurisdiction, as all of her claims sound under state law, and federal question jurisdiction under 28

14  U.S.C. § 1441 is therefore unavailable.  This Court's diversity jurisdiction extends to "all civil

15  actions where the matter in controversy exceeds ... $75,000 ... and is between ... [c]itizens of

16  different States."  28 U.S.C. § 1332(a)(1); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d

17  894, 899 (9th Cir. 2006).  For diversity jurisdiction to rest, there must be "complete diversity"

18  among the parties.  That is, each defendant must be a citizen of a state different from each plaintiff.

19  *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267 (1806).  For purposes of diversity, an individual

20  litigant is a citizen of the state in which he or she is "domiciled," defined as the "fixed habitation or

21  abode in a particular place" where he or she intends to remain indefinitely.  *Lew v. Moss,* 797 F.2d

22  747, 749-50 (9th Cir. 1986) (internal quotation marks and citation omitted).  By contrast, "a

23  corporation shall be deemed to be a citizen of every State and foreign state by which it has been

24  incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C.

25  § 1332(c)(1); *Johnson*, 437 F.3d at 899.

26         Here, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction because

27  she has failed to plead diversity jurisdiction adequately.  As noted, all of Flores' claims sound in

28  state law.  According to the original complaint, Flores is a resident of California, and thus a citizen

                                              3

of this state for diversity purposes. (Compl. ¶ 3). Flores has failed to allege the state of incorporation of defendant QLS, which likely renders her pleadings insufficient in its own right. *See Harris v. Rand*, --- F.3d ----, 2012 WL 2126060 at *2 (9th Cir. June 13, 2012) ("Given their limited jurisdiction, federal courts have repeatedly held that a complaint must include allegations of both the state of incorporation and the principal place of business of corporate parties"). Both the original complaint and the FAC, however, assert that QLS "has its main offices located at 2141 5th Avenue, San Diego, CA 92101." (Compl. ¶ 5); (FAC ¶ 5). QLS is therefore also a citizen of California. *Johnson*, 437 F.3d at 899. Because diversity is not complete, Flores' original complaint must be dismissed in its entirety without prejudice. Because the FAC was filed in violation of Rule 15, it is not considered operative, and has no legal effect. The motion to strike is therefore denied as moot.

## V. CONCLUSION

For the reasons set forth above, Flores' complaint is dismissed without prejudice. The motion to strike is denied as moot.

IT IS SO ORDERED.

Dated: 6/18/12 _____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

4

No. C 12-00756 RS
ORDER